<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUZANNE PACKER,** *Individually and on behalf of the purchasers of Power Balance*,<br><br>**Plaintiff,**<br><br>v.<br><br>**POWER BALANCE, LLC, POWER BALANCE, INC., AND MODELL'S SPORTING GOODS, INC.,**<br><br>**Defendants.** | Civil Action No. 11-802 (WJM)<br><br><br><u>MEMORANDUM OPINION</u> |

<u>**FALK, U.S.M.J.**</u>

Before the Court is Defendants' motion to stay the case. [CM/ECF No. 4.] The motion is opposed. No oral argument was heard. Fed. R. Civ. P. 78(b). Based upon the following, the motion is **granted**.

Defendants Power Balance, LLC and Power Balance, Inc. market and sell wristbands, bracelets, and other products that contain "Mylar Holograms," which purport to cause physiological benefits in those wearing them, including improved balance, flexibility, and strength. Plaintiff, Suzanne Packer, a New Jersey resident, purchased a Power Balance bracelet from a Modell's Sporting Goods store. In January 2011, Ms. Packer filed a class action complaint in New Jersey Superior Court, alleging that her Power Balance bracelet was

effectively worthless and that Defendants' marketing and advertising is false and violates the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*. Defendants removed the case to this Court on February 14, 2011.

On February 22, 2011, Defendants filed a motion to stay the case. There are approximately 17 more cases with allegations relating to Power Balance's marketing and advertising pending in federal courts around the country. (See Declaration of Michael J. Avenatti, Esq. ¶2; Exs. 1-15.) Defendants request a stay based on the following: **(1)** the Power Balance Defendants have apparently agreed to a nationwide class action settlement relating to their marketing and advertising in a federal action pending before the Honorable Cormac J. Carney, U.S.D.J., in the United States District Court for the Central District of California, Batungbacal v. Power Balance, LLC, 11-18 (C.D. Cal.); and **(2)** Defendants have moved before the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate all Power Balance cases pending in federal court, including this one, before Judge Carney – the District Judge presiding over the Batungbacal action.

According to Defendants, the stay would be short. Settlement papers in the Batungbacal action are to be filed before the end of March, and the JPML has scheduled a hearing on Defendants' motion for transfer on March 30, 2011. Based on these related proceedings, Power Balance has successfully moved to stay three other federal cases. (See Supplemental Declaration of Michael J. Avenatti, Esq. ¶ 4; Exs. C-E.)[1]

---

[1] The cases are: Bowlin v. Power Balance, LLC, 11-351 (HGD) (S.D. Ga.); Davidson v. Power Balance, 11-288 (RDP) (N.D. Ala.); Inthiar v. Power Balance, LLC,

Plaintiff opposes a stay. She argues that the class action settlement does not account for her claims under the NJCFA, and that the quantum of damages she may recover under the New Jersey statute exceeds the recoverable amount under the state laws involved in the nationwide class action settlement. She also contends that Defendant Modell's is not a party to the class action settlement.

A stay of civil litigation is discretionary. See, e.g., Bechtel Corp. v. Local 215 Laborers' Int'l Union of N.A., 544 F.2d 1207, 1215 (3d Cir. 1976) ("A United States District Court has broad powers to stay proceedings."). Deciding whether to stay a case requires "an exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North Am. Co., 299 U.S. 248, 255-56 (1936). Considerations include: the hardship to the moving party should the case proceed; the potential prejudice to the non-moving party; whether the actions involve the same or similar parties; the similarity of issues; and judicial economy. See, e.g., Ford Motor Credit v. Chiorazzo, 529 F. Supp. 2d 535, 542 (D.N.J. 2008); Local 478 Trucking & Allied Indus. Pen. Fund v. Jayne, 778 F. Supp. 1289, 1324 (D.N.J. 1991). Stays of a civil actions are common when the issue of transfer is before the JPML. See, e.g., Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("A majority of courts have concluded that it is appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that would be saved."); 15 Charles A. Wright, et al., Federal Practice & Procedure § 3866.1 ("[D]istrict courts will often exercise their discretionary

---

11-60049 (S.D. Fla.).

power to stay the proceedings before them with regard to a wide variety of matters pending a decision by the panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute."). Courts have also stayed civil actions pending consideration of nationwide class action settlements. See, e.g., Annunizatio v. eMachines, Inc., No. 05-610, 2006 U.S. Dist. LEXIS 97020, at *14-17 (C.D. Cal. July 24, 2006) (granting stay pending nationwide class action settlement); Chartner v. Provident Mut. Life Ins. Co., No. 02-8045, 2003 U.S. Dist. LEXIS 19500, at *9-10 (E.D. Pa. Oct. 21, 2003).

A stay is appropriate here. First, Defendants' marketing and advertising are the subject of federal cases around the country. There is a proposed nationwide class action settlement addressing these issues, while at the same time the JPML is also considering transfer and coordination of these cases before the same District Judge. The class action papers are being filed in California shortly, which may be dispositive of Plaintiff's claims. In addition, the MDL has scheduled a hearing to address transfer and consolidation on March 30, 2011, which is imminent. These proceedings involve similar parties and claims to those in Plaintiff's Complaint. The existence of related proceedings at such advanced stages weighs heavily in favor of a stay.

Second, balancing of the parties' interest weighs in favor of a stay. Absent a stay, Defendant could be compelled to unnecessarily litigate claims in different fora, become subject to competing court orders, and undercut the primary purpose of the MDL. In contrast, Plaintiff has not shown any prejudice that will result from a brief stay while the related proceedings develop.

Third, considerations of judicial economy favor a stay. Judge Carney is considering a comprehensive settlement of claims relating to Defendants' marketing and advertising, the very subjects of Plaintiff's Complaint. Likewise, the MDL is considering whether to transfer at least 17 federal cases, including this one, to Judge Carney. It would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint at the same time that Judge Carney is considering the nationwide settlement and the JPML is considering whether transfer is appropriate.

Based on the above, this action will stayed pending consideration of both the nationwide class action proceedings and the JPML's decision on transfer and consolidation. However, the stay will not be indefinite. Defendant shall file status reports with this Court providing updates on the California class action litigation and the MDL proceedings. The first status report shall be submitted on or before **April 21, 2011**. Additional status reports shall be filed every thirty days thereafter. Based upon these reports, the Court will consider whether a continued stay of this case is warranted.

                                                                       s/Mark Falk
                                                                       **MARK FALK**
                                                                       **United States Magistrate Judge**

**Dated: March 22, 2011**